United States District Court
Southern District of Texas
**ENTERED**
May 20, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTOPHER MORENO MOREIRA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-1866 |
| | § | |
| GABRIEL MARTINEZ, et al., | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM OPINION AND ORDER

Christopher Moreno Moreira ("Petitioner"), a citizen of Nicaragua, entered the United States without inspection in March of 2022.[1] A short time after his entry, Petitioner was taken into immigration custody and issued a notice to appear, denying him admission into the United States.[2] On March 25, 2022, Petitioner was released on his own recognizance.[3] Petitioner has since been taken into immigration custody by Immigration and Customs Enforcement under § 1225(b)(2).[4] Petitioner remains in immigration custody.

---

[1] Petition for Writ of Habeas Corpus ("Habeas Petition"), Docket Entry No. 1, p. 4 ¶ 13. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2] Id. at 1-2 ¶ 2 (stating that Petitioner was "apprehended, processed, and released by DHS" and that Petitioner "was placed in removal proceedings").

[3] Notice of Custody Determination, Exhibit C to Habeas Petition, Docket Entry No. 1-2, p. 3.

[4] Habeas Petition, Docket Entry No. 1, p. 2 ¶ 2.

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1). Petitioner argues that his detention without a bond hearing violates the Immigration and Nationality Act and due process.[5]

Also pending before the court is Respondents' Response and Motion for Summary Judgment ("Respondents' MSJ") (Docket Entry No. 10). Respondents argue that Petitioner can legally be detained under § 1225(b)(2) because he is an applicant for admission.[6] Petitioner has filed a reply.[7]

Petitioner argues that because he was detained and released upon his entry into the United States, he cannot be detained under § 1225(b)(2).[8] However, as the Fifth Circuit explained in Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026), an alien who is present without lawfully being admitted to the United States is an applicant for admission and is therefore subject to mandatory detention under § 1225(b)(2). Id. at 498, 502. The Fifth Circuit's analysis and holding applies in this case.

Petitioner also argues that because he was previously released on his own recognizance, his detention without a bond hearing

---

[5]Id. at 9-11 ¶¶ 33-48.

[6]Respondents' MSJ, Docket Entry No. 10, pp. 1-2.

[7]Brief in Reply to Respondents Response to Petition and Motion for Summary Judgment, Docket Entry No. 11.

[8]Brief in Reply to Respondents Response to Petition, Docket Entry No. 5, p. 3 ¶¶ 8-13.

-2-

violates procedural due process.[9]  However, as explained in <u>Jacobo-Ventura v. Dickey,</u> Civil Action No. H-25-6117 (S.D. Tex. Feb. 19, 2026), because Petitioner only has those rights regarding admission that Congress has provided by statute, and because § 1225(b)(2) mandates detention of applicants for admission until certain proceedings have concluded, Petitioner is not entitled to a bond hearing as a matter of procedural due process.  Moreover, under § 1226(b), "[t]he Attorney General at any time may revoke a bond or parole authorized under subsection (a), rearrest the alien under the original warrant, and detain the alien."  8 U.S.C. § 1226(b).

Finally, Petitioner's detention without a bond hearing does not violate substantive due process.[10]  As explained in <u>Garcia De La Cruz v. Bondi,</u> Civil Action No. H-25-5577, 2026 WL 309939 (S.D. Tex. Feb. 5, 2026), the Supreme Court has made clear that "'[d]etention during removal proceedings is a constitutionally permissible part of that process.'"  <u>Id.</u> at *2 (quoting <u>Demore v. Kim,</u> 123 S. Ct. 1708, 1721-22 (2003)).

For the reasons explained above, Respondents' Motion for Summary Judgment (Docket Entry No. 10) is **GRANTED**, and Petitioner's Petition for Writ of Habeas Corpus (Docket Entry No. 1) is **DENIED**.

------

[9]<u>Id.</u> at 4-8 ¶¶ 14-33.

[10]Habeas Petition, Docket Entry No. 1, pp. 10-11 ¶¶ 44-48.

-3-

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 20th day of May, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE